UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**BRENDAN A. HURSON**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

June 9, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:  *David Y. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
    Civil No. 22-2196-BAH

Dear Counsel:

On August 31, 2022, Plaintiff David Y. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits.  ECF 1.  This case was then referred to me with the parties' consent.  *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021).  I have considered the record in this case, ECF 8, the parties' dispositive briefs, ECFs 11 and 13, and Plaintiff's reply brief, ECF 14.  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will AFFIRM the Commissioner's decision.  This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on November 21, 2017, alleging a disability onset date of January 1, 2010.  Tr. 213–21.  Plaintiff's claim was denied initially and on reconsideration.  Tr. 129–32, 136–39.  On September 11, 2019, an Administrative Law Judge ("ALJ") held a hearing.  Tr. 38–68.  Following the hearing, on October 9, 2019, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame.  Tr. 19–32.

After exhausting administrative remedies, Plaintiff sought judicial review in this Court.  Tr. 671–78.  On October 6, 2021, the Court remanded the case back to the SSA pursuant to sentence four of 42 U.S.C. § 405(g).  Tr. 679.  The Appeals Council vacated the ALJ's prior decision and remanded the case back to another ALJ "for further proceedings consistent with the order of the court."  Tr. 684.  A different ALJ then held a new hearing on May 10, 2022.  Tr. 642–70.  Thereafter, the ALJ issued a new decision on June 2, 2022, again finding Plaintiff not disabled.  Tr. 616–34.  This decision constitutes the final, reviewable decision of the SSA.  *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] 42 U.S.C. §§ 301 et seq.

*David Y. v. Kijakazi*
Civil No. 22-2196-BAH
June 9, 2023
Page 2

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. § 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since November 21, 2017, the application date."  Tr. 619.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "Asymptomatic HIV; Neuropathy; Left Wrist Atrophy; Hernia status post repair; Diabetes Mellitus; Obesity; Depression; Anxiety; Post-traumatic Stress Disorder (PTSD); and Bipolar Disorder."  Tr. 620.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  *Id.*  The ALJ further determined that Plaintiff has moderate limitations in all four broad areas of mental functioning, including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace ("CPP"); and (4) adapting or managing oneself.  Tr. 621–22.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except occasional climbing ladders, ropes, or scaffolds; no crawling; no more than frequent hand controls with the left upper extremity (LUE) and limited to frequent, not constant, handling with the LUE; occasional interaction with coworkers, supervisors and no more than superficial interaction with the general public by which I mean no essential duties requiring interaction with the public; no production work where the worker does not control the pace and coworkers are side by side and the work of one impacts the work of others; he is capable of maintaining concentration persistence and pace in at least 2 hour increments though he may be off task at times but such time can be accommodated by normal breaks to complete a workday and a workweek; he can understand and remember simple instructions; and can carry out simple repetitive tasks in an environment with few, if any, changes.

Tr. 623–24.  After considering testimony from a vocational expert, the ALJ determined that Plaintiff was not able to perform past relevant work but could perform other jobs that existed in

significant numbers in the national economy, including garment sorter (DOT[2] #222.687-014), non-postal mail clerk (DOT #209.687-026), and night cleaner (DOT #323.687-014).  Tr. 632–33.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 634.

## III.  LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence.").  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Laws*, 368 F.2d at 642.  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.  ANALYSIS

Plaintiff raises one overarching argument on appeal: that the ALJ's RFC determination is not supported by substantial evidence.  ECF 11, at 7–19.  More specifically, Plaintiff argues that ALJ did not explain how the RFC limitations are sufficient to accommodate Plaintiff's moderately limited CPP capabilities.  *Id.*  Defendant counters that the ALJ specifically accommodated Plaintiff's mental limitations in the RFC and sufficiently explained why additional RFC limitations

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles.  The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*David Y. v. Kijakazi*
Civil No. 22-2196-BAH
June 9, 2023
Page 4

were unnecessary.  ECF 13, at 5–11.

      A claimant's RFC represents "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. § 416.945(a).  In determining a claimant's RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [his] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)).  Moreover, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (alteration in original) (citation omitted).  Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions.  *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

      Contrary to Plaintiff's contention, the ALJ here adequately explained her conclusions regarding Plaintiff's RFC and the limitations therein.  The ALJ determined that Plaintiff's moderate CPP limitations warranted RFC accommodations consisting of (1) "no production work where the worker does not control the pace and coworkers are side by side and the work of one impacts the work of others," (2) "maintaining concentration[,] persistence[,] and pace in at least 2 hour increments" with time off-task accommodated by normal breaks, (3) "understand[ing] and remember[ing] simple instructions," (4) "carry[ing] out simple repetitive tasks," and (5) "an environment with few, if any, changes." Tr. 623–24; *see also* Tr. 622 (attributing these limitations to Plaintiff's CPP difficulties).

      The ALJ narratively discussed Plaintiff's mental health treatment records and explained how that evidence led the ALJ to include specific limitations in the RFC.  For example, the ALJ noted that "[i]n November [2021], the claimant reported that the holidays are [the time of year] when he gets most depressed, but he reaches out to family and friends to help him through it.  He also reported that he has more energy[.]"  Tr. 629 (citation omitted).  The ALJ explained that this evidence "supports the claimant's need for an environment[] with few changes due to his difficulty adjusting during the holidays, while his improvement with treatment yet his inconsistency with treatment supports the lack of more restrictive mental limitations than those discussed above." *Id.*

      Plaintiff argues that the ALJ did not sufficiently take into account the "exacerbations and remissions of symptoms" that he suffers.  ECF 11, at 17.  But the ALJ repeatedly referenced Plaintiff's episodes in the narrative discussion and tied those episodes to specific RFC limitations.  The ALJ noted: "In June 2019, the claimant reported that his medication was a big help with 'episodes.' On exam, he had intact memory, he was fully oriented, he had normal attention, and fair insight and judgment[.]"  Tr. 628 (citation omitted).  The ALJ went on to explain that "[d]espite the claimant's mostly normal exam findings," she determined that Plaintiff's "allegation of 'episodes' and other symptoms offered continued support for the [his] mental limitations." *Id.*  The ALJ further explained that Plaintiff's "manic episodes also support his preclusion from production work. The claimant's issues with completing tasks, his reported need for prompting, his mistakes related to orientation and recall, and his hopelessness support his limits to simple

*David Y. v. Kijakazi*
Civil No. 22-2196-BAH
June 9, 2023
Page 5

instructions, simple and routine tasks, two-hour work increments, and preclusion from production work." Tr. 628.

In addition to Plaintiff's treatment history, the ALJ evaluated numerous medical opinions in the record and a prior ALJ decision. Plaintiff points to the ALJ's reliance on the state psychological consultants' medical opinions in support of his argument that the ALJ should have accommodated (or better explained why no such accommodation was necessary) Plaintiff's purported need for additional supervision beyond that required of a normal worker. ECF 11, at 17. Though the ALJ did acknowledge that "the consultants found that the claimant would be able to interact on an occasional basis and may require periodic supervision," those opinions do not support Plaintiff's position that an additional RFC limitation is necessary to address Plaintiff's CPP limitations. Dr. Prout, the consultant at the initial level, explained that Plaintiff was "limited to simple work with no required direct interaction with the public and occasional required interaction with supervisors and co-workers," that he does not need reminders to perform daily activities, and that he "can pay attention for some time, finishes what he starts[,] and follows instructions okay. Tr. 81. Dr. Fink's findings at the reconsideration level are similar. Tr. 97. The ALJ then determined that, based on Plaintiff's treatment history and hearing testimony, Plaintiff was *more* limited than the consultants had found and included the above limitations to accommodate Plaintiff's difficulties in all four areas of mental functioning. Tr. 630–31.

In sum, the ALJ set forth a narrative discussion of Plaintiff's medical evidence spanning approximately eight pages and citing to specific evidence in the record. Tr. 624–32. The ALJ also logically explained how this evidence, along with Plaintiff's testimony, the opinions of various medical sources, the state agency medical consultants' assessments, and the prior ALJ decision, leads to the conclusion that Plaintiff can perform light work with additional limitations to accommodate Plaintiff's impairments, including his mental impairments. *Id.* As such, I find that the ALJ's decision contains the requisite "narrative discussion describing how the evidence supports" the ALJ's conclusions. *Mascio*, 780 F.3d at 636.[3]

---

[3] Plaintiff correctly notes that this Court has found that an RFC limitation to work in two-hour increments with normal breaks does not adequately address a claimant's moderate CPP difficulties. *See* ECF 11, at 17–18; *Charles M. v. Kijakazi*, No. 22-2370-BAH, 2023 WL 3645654, at *3 (D. Md. May 25, 2023). But here, the ALJ included additional limitations to address Plaintiff's CPP difficulties—including precluding Plaintiff from performing "production work where the worker does not control the pace and coworkers are side by side and the work of one impacts the work of others." Tr. 623–24. "This Court has found that such a limitation adequately accounts for a Plaintiff's moderate CPP difficulties." *Charles M.*, 2023 WL 3645654, at *3 (citing *Gair v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-3652, 2015 WL 5774982, at *2 (D. Md. Sept. 28, 2015)). And, as explained above, the ALJ provided a sufficient discussion explaining how the evidence led the ALJ to make the determinations she did.

*David Y. v. Kijakazi*
Civil No. 22-2196-BAH
June 9, 2023
Page 6

### V.    CONCLUSION

For the reasons set forth herein and pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge