UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

August 28, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *David Y. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-2196-BAH

Dear Counsel:

On June 23, 2023, pursuant to Local Rule 105.10, Plaintiff filed a Motion to Reconsider ("Motion") the Court's June 9, 2023 Memorandum Opinion and accompanying Order ("June 9, 2023 Opinion") affirming the Social Security Administration's ("SSA's" or "Defendant's" or "Commissioner's") judgment and closing this case. ECF 17. Defendant filed an opposition to Plaintiff's Motion on June 30, 2023. ECF 18. For the reasons discussed below, I will GRANT Plaintiff's Motion.

When adjudicating a motion for reconsideration under Local Rule 105.10, this Court uses a similar standard to that under Federal Rule of Civil Procedure 59(e). *Crocetti v. Comm'r, Soc. Sec. Admin.,* No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018) (citing *Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001)). Under Rule 59(e), the Court may alter or amend its prior ruling in three situations: (1) where "there has been an intervening change of controlling law," (2) where "new evidence has become available," or (3) where "there is a need to correct a clear error or to prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Crocetti*, 2018 WL 3973074, at *1 (internal quotation marks omitted) (quoting *Potter*, 199 F.R.D. at 552). The first two criteria are inapplicable here, and Plaintiff fails to satisfy the third criterion.

Plaintiff argues that the Court's June 9, 2023 Opinion "contains manifest errors of both law and fact" necessitating reconsideration and remand. ECF 17, at 1. Defendant counters that reconsideration is improper because "the ALJ's analysis in this case complied with the governing regulations and the applicable caselaw," and because Plaintiff "has not shown that the Court 'patently misunderstood' the issues or committed an 'error . . . of apprehension.'" ECF 18, at 3 (citing *Travis X. C. v. Saul*, No. GJH-18-1210, 2020 WL 6684636, at *3 (D. Md. Nov. 12, 2020), *aff'd sub nom. Carr v. Kijakazi*, No. 20-2226, 2022 WL 301540 (4th Cir. Feb. 1, 2022)).

Specifically, Plaintiff avers that the Court did not adequately resolve the argument raised in his initial brief—that the administrative law judge ("ALJ") failed to supply the necessary logical explanation linking the evidence in the record the ALJ's conclusions. ECF 17, at 3–4. Plaintiff argues that the Court's evaluation provided "constitute impermissible *post hoc* justifications" for the ALJ's conclusions, and that the Court's analysis contains factual errors. *Id.* Plaintiff contends

*David Y. v. Kijakazi*
Civil No. 22-2196-BAH
August 28, 2023
Page 2

that "the opinions cited by the Court [as substantial evidence for the ALJ's conclusions] were not the opinions of Drs. Prout and Fink. Rather, the explanation cited by the Court as substantial evidence in this case was cherry-picked from a summation of an ALJ opinion from an entirely different claim for SSI, which the ALJ rejected." *Id.* at 4. Defendant did not address Plaintiff's substantive arguments. *See* ECF 18, at 1–3.

Upon review of Plaintiff's Motion and the parties' previously filed briefs, the Court concludes that the ALJ's decision does not adequately account for Plaintiff's mental impairments by either including additional RFC limitations or explaining why no additional limitations are necessary. As noted in the Court's June 9, 2023 Opinion, in determining a claimant's residual functional capacity ("RFC"), an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [his] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Moreover, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

First, the Court acknowledges the error that the portion of Drs. Prout and Fink's findings cited by the Court were not the consultants' own findings but were instead summaries of a prior ALJ decision from 2013. In the 2013 decision, the ALJ denied Plaintiff benefits after finding that he had the RFC to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he can understand, remember and carry out simple instructions, and he can perform simple, routine tasks with no required direct interaction with the public, and occasional required interaction with supervisors and coworkers.

Tr. 115. In the present case, the ALJ afforded the 2013 decision "some weight" in relevant part because over nine years had passed since that decision and because of changes in the law related to mental impairments. Tr. 629–30. The ALJ further concluded, without specific citations to the record, that "evidence not considered by the prior ALJ does not support a different finding in some areas, such . . . some moderate limitations in the claimant's mental functioning." Tr. 630. As Plaintiff points out, Drs. Prout and Fink did not necessarily endorse the findings by the ALJ in the 2013 decision, they only summarized them. *See* ECF 17, at 5; Tr. 81, 101–102.

Moreover, the ALJ acknowledged that "the consultants found that the claimant would be able to interact on an occasional basis and may require periodic supervision." Tr. 630 (citing Exs. C1A, C3A). The ALJ found the opinions only partially persuasive because the ALJ determined that Plaintiff's mental limitations were worse than the consultants had opined. *Id.* While the consultants had found Plaintiff moderately limited in only in two areas of mental functioning—(1) interacting with others and (2) adapting or managing oneself—the ALJ found that Plaintiff was

*David Y. v. Kijakazi*
Civil No. 22-2196-BAH
August 28, 2023
Page 3

moderately limited in all four areas of mental functioning, including concentrating, persisting, or maintaining pace ("CPP"). *Id.*; Tr. 621–22.

The ALJ based the CPP limitation on Plaintiff's reported "mood swings, paranoia, difficulty completing tasks, manic episodes, racing thoughts, and needing prompting from others." Tr. 22. The RFC included the following mental limitations:

> occasional interaction with coworkers, supervisors and no more than superficial interaction with the general public by which I mean no essential duties requiring interaction with the public; no production work where the worker does not control the pace and coworkers are side by side and the work of one impacts the work of others; he is capable of maintaining concentration persistence and pace in at least 2 hour increments though he may be off task at times but such time can be accommodated by normal breaks to complete a workday and a workweek; he can understand and remember simple instructions; and can carry out simple repetitive tasks in an environment with few, if any, changes.

Tr. 623–24. In the RFC discussion, the ALJ found that Plaintiff's "issues with completing tasks, his reported need for prompting, his mistakes related to orientation and recall, and his hopelessness support his limits to simple instructions, simple and routine tasks, two-hour work increments, and preclusion from production work." Tr. 628.

Despite the ALJ's apparent adoption of the consultants' finding that Plaintiff "may require periodic supervision," Tr. 630, and Plaintiff's credited report of needing prompting (among other reports), the RFC contains no limitations related to Plaintiff's need for prompting or additional supervision. Nor does the ALJ explain how the RFC limitations account for Plaintiff's need for supervision and/or prompting beyond that required for other employees. This omission is material here because the vocational testified that "if an individual [with Plaintiff's RFC] needed supervision beyond . . . what would be typical for other employees," "all competitive work would be eliminated based on the required extra supervision." Tr. 668.

Thus, without further explanation, the Court is unable to ascertain how the ALJ assessed Plaintiff's reported need for extra supervision and/or prompting—reports the ALJ credited. This Court has recognized that reconsideration is appropriate where the Court commits "an error not of reasoning but of apprehension." *Solomon v. Dawson*, No. PWG-13-1953, 2013 WL 4747987, at *1 (D. Md. Sept. 3, 2013). As such, reconsideration and remand are required so that the ALJ can either include additional limitations in the RFC or explain how the RFC adequately accommodates Plaintiff's limitations. Though the grounds for reconsideration are narrow, Plaintiff has shown that reconsideration is necessary here to "correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411.

Because Plaintiff persuasively argues that reconsideration of the Court's June 9, 2023 Opinion is warranted, Plaintiff's Motion to Reconsider, ECF 17, is GRANTED, and the Court's June 9, 2023 Order, ECF 16, is VACATED. The SSA's judgment is REVERSED due to

*David Y. v. Kijakazi*
Civil No. 22-2196-BAH
August 28, 2023
Page 4

inadequate analysis and REMANDED[1] to the SSA pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

                                                                              Sincerely,

                                                                              /s/

                                                          Brendan A. Hurson
                                                          United States Magistrate Judge

---

[1] In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.